PHŒNIX INSURANCE CO., OF HARTFORD, CONN.; *v.* A. SUMMER-
FIELD.

1. REMOVAL OF CAUSES. *Jurisdiction. Waiver. Federal question.*

A citizen of Tennessee brought two suits in the court below against appel-
lant, the Phœnix Insurance Company, a citizen of Connecticut, one on
a policy for $3,000, and the other on a policy for $2,000. At the return-
term defendant pleaded to the merits in both cases, and they were con-
tinued. Afterwards, during the term, defendant presented a petition
and bond in each case to remove the same to the federal court. In
each petition it was averred that the " amount involved is $2,000." No
action was taken on the petitions, and afterwards defendant filed other
pleas. At the next term, on defendant's motion, the cases were consoli-
dated, and defendant, by leave, withdrew its pleas and petitions for re-
moval, and filed a new petition and bond to remove the case, as consoli-
dated, to the federal court. Removal was denied. *Held*, in the absence
of an authoritative decision by the supreme court of the United States
on the federal question involved, as matter of policy rather than con-
viction, in view of the history of the case, that the action of the court in
refusing the removal would not be disturbed.

2. INSURANCE POLICY. *Action on. False swearing. Instruction.*

In an action on a fire insurance policy, where the dispute is as to the value
of the property destroyed (defendant claiming that plaintiff swore falsely,
and obtaining an instruction that, if he did wilfully swear falsely in
making proof of loss, he cannot recover), a verdict for plaintiff, where
the evidence of value is satisfactory, will not be disturbed because of
an instruction, given at his instance, that " no false swearing in making
proof of loss will avoid the policy, unless the evidence satisfies the jury
that the plaintiff knowingly and intentionally swore falsely as to some
material fact," and that the burden of proof is on the defendant to show
the wilful intent.

FROM the circuit court of the second district of Yalobusha
county.

HON. JAMES T. FANT, Judge.

On July 23, 1891, appellee, a citizen of the state of Ten-
nessee, brought two suits in the court below against the Phœ-
nix Insurance Company, one on a policy of insurance issued

by that company January 30, 1890, and the other on a policy issued by it September 20, 1890, both covering a stock of goods owned by appellee, at Grenada, Miss., which was destroyed by fire, January 13, 1891. On the first day of the return-term, October 26, 1891, defendant pleaded to the merits in both cases. On the same day the cases were ordered continued, the defendant being granted sixty days within which to file additional pleas. After this order, there appears in the transcript of the record a motion by defendant to remove the cases to the federal court. This motion is not dated, and is not marked filed, but just above it, in the transcript, appears the words, "October term, 1891," and just after it the word, "continued." Next in the record appears a petition and bond in each case for the removal of the same to the United States circuit court. Neither petition is marked filed, but the bond accompanying each is marked "filed October 26, 1891." In each petition it is alleged that plaintiff and defendant are citizens of different states, plaintiff being a citizen of Tennessee, and defendant a citizen of Connecticut, chartered under the laws of that state, and that the sum in dispute, exclusive of interest and costs, "amounts to the sum of two thousand dollars." The record does not show what disposition, if any, was made of these petitions at the October term, there being no entry on the minutes concerning the same. Following these petitions and bonds is copied in the record an order of court in the two cases, setting aside the continuances granted at "a former day of this term," but no date appears.

On December 23, 1891, defendant filed additional pleas to the merits, and on April 27, 1892, it filed still other pleas.

On April 28 defendant moved the court to consolidate the cases. This motion was sustained, and plaintiff excepted. Thereupon the order recites that the defendant obtained leave to withdraw its pleas and to file a new petition for removal of the case, as consolidated, to the United States circuit court, and the petition and bond were filed. The court denied the

application for removal, and proceeded with the case, to which action the defendant excepted.

Defendant then pleaded to the merits, and there was a trial of the case as consolidated.

The third instruction given for plaintiff, alluded to in the opinion, is as follows: "No false swearing by the plaintiff, in making proof of loss, will avoid the policy, unless the evidence satisfies the jury that the plaintiff knowingly and intentionally swore falsely as to some material fact. There must be a wilful intent to defraud, and the burden of proof is upon the defendant to establish the defense. No mere error of judgment in statement will avoid the policy."

Among others, the following instruction was given for the defendant: "If the jury believe from the evidence that Summerfield wilfully swore falsely to any material facts in making his proof of loss, then, under the conditions of the policies sued on, plaintiff would forfeit his right to recover, and the jury should find for defendant." A clause in each of the policies provided for a forfeiture in case of false swearing.

Verdict and judgment in favor of plaintiff for $5,312.50, the full amount of the two policies, with interest. Motion for new trial overruled. Defendant appeals. The opinion contains a further statement of the case.

*Slack & Doty,* for appellant.

1. Whether a case is removable is a federal question, resting with the courts of the United States. On this point, we refer to the U. S. Stat. 1886–7, p. 552; *Ib.,* 1887–8, p. 433; *Jackson* v. *Railroad Co.,* 58 Miss., 648; 19 Wall., 214; 104 U. S., 15; 41 Fed. Rep., 641; 42 *Ib.,* 1; 44 *Ib.,* 515; 46 *Ib.,* 577.

Under the acts of 1887–8, the cause was removable after consolidation, if not before. After consolidation, if the amount is sufficient, the cause is removable, although the requisite amount was not involved in either suit before. 4 Fed. Rep., 257; 135 U. S., 315.

A non-resident defendant may remove to the federal court, although that court would have had no original jurisdiction. 41 Fed. Rep., 44, 49, 641 ; 91 U. S., 10, 401.

Under the act of 1887, a cause may be removed to the federal court, though neither party is a resident of the district. 42 Fed. Rep., 1 ; 46 *Ib.*, 577 ; 32 *Ib.*, 232, 673 ; 23 N. E. Rep., 656. See also *Bank of Sheffield* v. *Merchants' Bank*, 2 Lawyers' Ann. Rep., 469 ; 34 Fed. Rep., 225, 228 ; Removal of Causes, by Speer, § 21 *et seq.*

2. It was error to instruct that no false swearing by plaintiff would avoid the policies unless there was a wilful intent to defraud. The intent has nothing to do with it. It was for the jury to say, under the evidence, whether plaintiff swore falsely to any material fact. *Claflin* v. *Insurance Co.*, 110 U. S., 81 ; 6 Bush (Ky.), 396 ; 22 Mich., 467 ; 1 Harney (N. B.), 311 ; Ostrander on Fire Ins., 349 *et seq.*

The conditions in the policies were warranties, and not mere representations or conditions subsequent. 1 Wharton on Con., 218 *et seq.*; Pollock on Con., 469 ; 2 Parsons on Con., 429 *et seq.*

In this case the condition was a part of the contract, and it would be contrary to the expressed stipulation that the contract of insurance should remain valid if plaintiff swore falsely. 1 Wharton on Con., 219 ; 13 Conn., 533 ; 16 Am. Dec., 460 ; 22 *Ib.*, 539 ; 35 *Ib.*, 92. See also 1 Wood on Fire Ins., 573 *et seq.*

*Mayes & Harris*, on the same side,

Filed a brief discussing the question of removal, and making the following points :

1. As the petitions for removal filed at the October term averred that the amount in controversy in each case was just $2,000, we concede that there could have been no removal, if the court was confined to the allegations of the petitions. But the averments of the petition are not controlling as to this ; the court looks to the whole record. Dillon on Re-

moval, §§ 51, 70. *Insurance Co.* v. *Francis*, 11 Wall., 210; 132 U. S., 571; 43 Fed. Rep., 695.

2. Where, as in this case, the demand is really for $5,000, so that the federal court would have jurisdiction as to amount, and the other conditions for removal exist, the plaintiff cannot deprive defendant of the right to remove by the shallow subterfuge of splitting his action. Somewhat on this line, see *Graves* v. *Corbin*, 132 U. S., 571; 141 *Ib.*, 589.

3. The language of the petitions as to diverse citizenship of the parties, is sufficient, and technically correct. 11 Wall., 210; 145 U. S., 444.

4. Replying to the suggestion that where neither party is a citizen of the district there can be no removal, we refer to 41 Fed. Rep., 641, a decision by Justice Gray of the supreme court. See also 42 Fed. Rep., 1; 2 Lawyers' Ann. Rep., 469. The manifest object of the restrictive provisions of the act of 1888 is to prevent the dragging of defendants from the vicinage, and not to give one non-resident an advantage over another. Their common non-residence leaves them equal here.

5. Whatever may be the conclusion of the court as to the point that the two suits were virtually one, and that, therefore, the controversy was removed by the petitions filed at the October term, the consolidation at the April term, followed by a new petition, operated as a removal. From the beginning, the defendant, who was entitled to a removal, was struggling to get into the federal court. It was kept in the state court, not by any remissness on its part in making known its desire, but by the resistance of the plaintiff.

If a defendant makes his demand for removal in time, and his case is in fact removable, delays of the court do not prevent the removal, and even amendments of his proceedings in the state court may be made, provided they only adjust the record to the facts as the facts originally existed. On this point, see, generally, *Removal Cases*, 100 U. S., 457; 102 *Ib.*, 135; 103 *Ib.*, 485; 104 *Ib.*, 5; 111 *Ib.*, 134; *Jackson* v. *Railroad Co.*, 58 Miss., 648.

*William C. McLean*, for appellee.

1. The court properly refused the application for removal to the federal court. The act of 1888 requires that, in order to remove, the amount in controversy shall exceed $2,000. The first petitions showed that one suit was for just $2,000, and, therefore, that the federal court had no jurisdiction. Spear on Fed. Judiciary, 464, 465; 95 U. S., 185, 186; 7 Fed. Rep., 270; 11 *Ib.*, 852; 27 *Ib.*, 884; 7 S. E. Rep., 62. See, also, 117 U. S., 432; 122 *Ib.*, 516.

One of the suits, being for only $2,000, could not be removed at all. Until consolidation, there were two suits, on distinct causes of action. If defendant wished to remove both cases, they should have been consolidated at the first term, and the application for removal should have been made then.

On an application for removal, only a question of law is presented, and that is, whether, admitting the facts stated, petitioner is entitled to a removal. This question the state court decides for itself. 130 U. S., 230; 131 *Ib.*, 242.

The object of the act of 1887, is to restrict and not enlarge the jurisdiction of the courts of the United States. 133 U. S., 315; 137 *Ib.*, 451; 145 *Ib.*, 449.

As neither party was a resident of this state, the federal court would not have had original jurisdiction of cases. 134 U. S., 41; 145 *Ib.*, 446; *Southern Pacific Co.* v. *Denton*, 146 *Ib.*, 202.

In view of the language of § 2 of the act of 1887, we are unable to understand how the federal court could acquire jurisdiction by removal when it could not do so by original proceedings. On this point, see 32 Fed. Rep., 183; 33 *Ib.*, 388, 529; 133 U. S., 316; *McNeal* v. *Howland*, 99 N. C., 202 s.c. 6 Am. St. R., 202. If plaintiff should consent to a trial in the federal court in Mississippi, the judgment would be void. 111 U. S., 379; 127 *Ib.*, 96, 322; 128 *Ib.*, 586; 141 *Ib.*, 85.

But, if it be conceded that the suit for $3,000 was removable, it is clear that defendant waived the right to remove.

It is settled that, under § 3 of the act of 1888, the application must be made at that term of the court when, by the laws of the state, the defendant is required to plead. *Railroad Co.* v. *Daughtry*, 138 U. S., 298. Here the consolidation was made when it was too late to remove. The right of removal, when once lost by non-user, is not revived, even by an amendment of the pleadings creating new issues. 117 U. S., 365.

That a party may, by his conduct in the state court, waive the right of removal, see 20 Am. & Eng. Enc. L., p. 1010, note 2; 100 U. S., 457; 102 *Ib.*, 141; 140 *Ib.*, 141; 76 Wis., 433. The action of defendant in having the causes consolidated when it was too late to make application for removal, was, from necessity, a waiver of the former removal proceedings.

2. There was no error in giving plaintiff's third instruction. In the first place, the defendant obtained an instruction announcing the same principle. *Wilson* v. *Zook*, 69 Miss., 694. In the next place, the instruction is correct. It simply announces that the false swearing, to avoid the policy, must be intentional. 7 Am. & Eng. Enc. L., 1047; Wood on Fire Ins., 1004; 14 Wall., 376. The instruction is not inconsistent with the views expressed in *Claflin* v. *Insurance Co.*, 110 U. S., 81.

On the question as to which it is claimed there was false swearing, the evidence in favor of plaintiff is convincing. It is submitted that there is no evidence of false swearing. It must be shown that there was such swearing, and that it was knowingly done with intent to deceive the insurer.

*Ro. H. Golladay*, on the same side.

Argued orally by *J. J. Slack* and *E. Mayes*, for appellant, and *Wm. C. McLean* and *Ro. H. Golladay*, for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

Amid the diversity of views among the judges of the various courts of the United States, and in the absence of an

authoritative utterance by the supreme court of the United States as to the interpretation of the late legislation by congress as to the removal of cases from the state courts, we have determined, as matter of policy rather than conviction, to maintain the decision of the circuit court against the removal of the case to the court of the United States. It seems to us probable that it will be held, finally, that the right of removal is not confined to cases in which the action might have been instituted in the court of the United States, but, in doubt as to this federal question, which we cannot decide authoritatively, and because of the history of this case in the state court, we decline to reverse the judgment because of the removal proceedings.

. The only other question worthy of serious consideration is as to the propriety of the third instruction for the plaintiff, and our conclusion is that, as applied to the facts of this case, it is unobjectionable. It is subject to the criticism of *seeming* to require the production by the defendant of independent evidence of an intention to defraud by false swearing in order to defeat a recovery on this ground. If it means that, it is wrong, for the false swearing to any material matter calculated to mislead or deceive the insurer, knowingly and intentionally done, would defeat a recovery, while false swearing as to a fact wholly foreign to the matter involved, or a mistake or unintentional misstatement, would not have such effect. We concur in the view held in *Claflin* v. *Insurance Co.*, 110 U. S., 81, but think the instruction mentioned, when applied to the matter in dispute here, is not inconsistent with the sound doctrine of that case. Its dominant thought is that false swearing must have been intentional to defraud, and that is true. The dispute was as to the quantity and value of the goods destroyed. The alleged false swearing had relation to that inquiry, and was, therefore, material, and, if it was intentionally false, it was sufficient to defeat recovery. The instruction, although in a dangerous form, does not controvert this proposition, and, in view of the instruction on

the same subject obtained by the defendant, and the satisfactory evidence that the goods destroyed by fire exceeded in value the amount of insurance, the judgment will be—

*Affirmed.*